UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

======================================================

JWJ INDUSTRIES, INC. and
JEFFREY HOLBROOK,

                 Plaintiffs,

v.                            5:09-CV-0740 (NPM / DEP)

OSWEGO COUNTY,

                 Defendants.

_____

APPEARANCES                             OF COUNSEL

BANSBACH ZOGHLIN P.C.          MINDY L. ZOGHLIN, ESQ.
Attorney for Plaintiffs
31 Erie Canal Drive, Suite A
Rochester, N.Y. 14626

OFFICE of the COUNTY ATTORNEY    RICHARD C. MITCHELL, ESQ.[1]
Attorney for Defendant
46 East Bridge Street
Oswego, N.Y. 13126

NEAL P. McCURN, Senior U.S. District Court Judge

MEMORANDUM-DECISION AND ORDER

---

[1] On July 16, 2009, Michael J. Cahill, Esq., was substituted for Richard C. Mitchell, Esq., as counsel for Oswego County. As this MDO concerns a motions, briefs and a hearing where Oswego County was represented by Attorney Mitchell, he is listed as attorney of record. Subsequent rulings, if any, will list Attorney Cahill as attorney of record. The court notes that Attorney Cahill was present at the July 10, 2009 hearing that took place in this matter.

The matter before the court is a civil rights action, filed pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §1983, in which plaintiffs JWJ Industries, Inc. ("JWJ") and Jeffrey Holbrook ("Holbrook"), an officer and shareholder and of JWJ Industries, Inc. (collectively, "plaintiffs") complain of an unconstitutional taking of their property without just compensation.  Currently before the court is plaintiffs' motion for injunctive relief consisting of a temporary restraining order ("TRO") and preliminary injunction (Doc. No. 4).  For the reasons set forth below, the TRO (which entered via the court's Memorandum Decision and Order ("MDO") issued on June 30, 2009 (Doc. No. 8) and which was continued at the hearing held before the court on July 10, 2009) will be lifted, and the plaintiffs' motion for preliminary injunction will be denied.

I. FACTS AND PROCEDURAL HISTORY

JWJ Industries, Inc. is a domestic corporation organized and existing under the laws of the state of New York.  Holbrook is a shareholder and officer of JWJ Industries, Inc.  Holbrook holds a permit from the New York State Department of Environmental Conservation ("DEC") which allows him to operate a transfer station[2] at 436 County Route 51, in the Town of New Haven, Oswego County,

---

[2] A "transfer station," as defined by 6 NYCRR 360-1.2(172) and for the limited purpose of the motion before the court, means "a solid waste management facility other than a recyclables handling and recovery facility, used oil facility, or a construction and demolition

known as the JWJ Transfer Station ("Transfer Station"). The current DEC permit[3] authorizes the Transfer Station to accept up to a daily maximum total of sixty-five tons of both construction and demolition ("C & D") debris, and municipal solid waste ("MSW"). Plaintiffs aver that since issuance of the DEC permit, they have spent a significant sum of money to construct the Transfer Station (the only privately owned C&D transfer station in Oswego County), and to improve the County Route 51 property for compliance with DEC requirements. Plaintiffs assert that almost all of the income derived from JWJ Industries, Inc. is in some way associated with the DEC permit for the Transfer Station. The Transfer Station accepts waste that is generated both in and out of Oswego County. Doc.1, pp. 2-4.

Plaintiffs state that on October 13, 2008, the Oswego County legislature enacted the Oswego County Recycling & Solid Waste Local Law. The Flow Control provisions of the Local Law, set forth at Section 4, Flow Control, 8(a)(ii)) and which became effective on July 1, 2009, are the subject of this action. Plaintiffs argue that enforcement of the Flow Control Law will result in plaintiff

---

debris processing facility, where solid waste is received for the purpose of subsequent transfer to another solid waste management facility for further processing, treating, transfer or disposal ...." 6 NYCRR 360-1.2(172) (West 2009).

[3]     Holbrook applied for the original DEC permit in 1996. Holbrook applied for a modified DEC permit in 1999, which was issued in May of 2003 after litigation in this court to compel DEC to grant the permit modification. Doc. No. 1, pp. 2-3.

Holbrook being "deprived of all economically beneficial use" of the JWJ Transfer Station permit previously issued by the DEC, which is the standard for a per se taking under federal law.  Specifically, plaintiffs complain that "[u]nder the Flow Control Law, once any waste is delivered to the JWJ Transfer Station, all non-recyclable residue will be required to be disposed of at the Oswego County Solid Waste Management Facility, even if the waste originated outside of Oswego County." Doc. No. 1, ¶ 30.

On June 30, 2009, this court issued a temporary restraining order ("TRO"), maintaining the status quo and enjoining Oswego County from enforcing the Flow Control Law against the plaintiffs until such time as the court could hear the plaintiffs' argument for preliminary injunction.  On July 10, 2009, a motion hearing was held, allowing the parties to argue their positions regarding whether the TRO should be replaced by a preliminary injunction.  As stated on the record at the motion hearing, the purpose of that hearing was to give plaintiffs the opportunity to demonstrate the deprivation of a constitutional right as well as the likelihood of success, or in the alternative, "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief," as the court set forth in its earlier ruling, citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,

596 F.2d 70, 72 (2d Cir.1979).  The court reserved decision on that date, and hereby issues its written decision.  For the reasons set forth below, the TRO will be lifted, and plaintiffs' motion for preliminary injunction will be denied.

II.    DISCUSSION

"Government has broad power to regulate the use of property; but this power is constrained by constitutional limits." Garelick v. Sullivan, 987 F.2d 913, 915-16 (2d Cir. 1993) (citing Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 413-15 (1922). "It is well established that the Takings Clause of the Fifth Amendment applies to so-called 'regulatory takings' . . . A property owner must be legally compelled to engage in price-regulated activity for regulations to give rise to a taking." Id.

   A.    Standing

As a threshold matter, the county raised the issue of standing, stating that it had significant doubt as to the standing of the named plaintiffs to make the claims described in the verified complaint.  "To establish Article III standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." Horne v. Flores, 129 S.Ct. 2579 (June 25,2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130 (1992).  This court

5

heard testimony on the issue of standing from the parties, and as stated on the hearing record, the court found the County's argument to be unavailing. The court finds that the alleged injury resulting from the County's Flow Control law, if any, would be suffered by the named parties in this action. The court reiterates here that based on legal precedent, it has determined that the named plaintiffs are the proper parties to bring this legal action.

  B. Ripeness

The County argues that plaintiffs' claims are unripe and insufficient as a matter of law because plaintiffs have failed to exhaust their state law remedies. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' " Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003). A two-prong test exists to determine ripeness for a takings claims under Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 (1985). "The first prong requires the government entity charged with enforcing the regulation to have rendered a 'final decision.' The second prong requires the plaintiff to have

sought compensation from the state if the state provides a 'reasonable, certain and adequate provision for obtaining compensation.' " Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 95 (2d Cir.1992) (quoting Williamson County.  However, "[t]here is no requirement that a plaintiff make a futile application for an issue to be ripe for adjudication." Williams v. Lambert, 46 F.3d 1275, 1280 (2d Cir.1995).

The court will first address the County's claim that plaintiffs did not exhaust their state law remedies.  Specifically, the County asserts that plaintiffs did not take advantage of an available New York State procedure which provides just compensation when a local regulation deprives a property owner of the value of his property. In addition, the County makes a jurisdictional argument that any suit against a municipality that could be pleaded under the state constitution must be preceded by a Notice of Claim pursuant to General Municipal Law § 50-i.

In response to the County's argument that plaintiffs failed to file a written notice of claim pursuant to § 50-i before commencing the present action, plaintiffs argue that the United States Supreme Court has clearly held that state notice of claims statutes are inapplicable in § 1983 cases, i.e., state notice of claims statutes are preempted by federal civil rights actions, citing Felder v. Casey, 487 U.S. 131 (1988).

The court finds that in this Circuit, cases decided since <u>Felder</u> have reached similar results. <u>See</u> e.g., <u>Mroz v. City of Tonawanda</u>, 999 F.Supp. 436, 455 (W.D.N.Y. 1998) ("State notice of claim provisions, however, are not applicable to Plaintiff's civil rights claims asserted under 42 U.S.C. § 1983 as [w]here state courts entertain a federally created cause of action, the 'federal right cannot be defeated by the forms of local practice'") (citing <u>Felder v. Casey</u>, internal quotations omitted).  <u>See</u> <u>also</u> <u>Day v. Moscow</u>, 955 F.2d 807, 814 (2d Cir. 1992) ("<u>Felder v. Casey</u> noted that although the Supreme Court itself 'ha[d] never passed on the question, the lower federal courts have all, with but one exception, concluded that notice-of-claim provisions are inapplicable to § 1983 actions brought in federal court.' 487 U.S. at 140, 108 S.Ct. at 2307").

At the hearing, the County stated that as far as the Notice of Claim is concerned, the County viewed it as a condition precedent to the state law claims only, not to the § 1983 claim.   The County argued a Section 50-i Notice of Claim was a condition precedent to the plaintiffs' pendent state claims, for example, a state law claim of conversion.  The court finds that there are no state law claims in the action before the court, and accordingly finds that no Notice of Claim pursuant to General Municipal Law § 50-i was required.

The County also argues that "[w]ell-settled law in this Circuit establishes

that New York does provide adequate means for obtaining compensation for a regulatory taking." Allocco Recycling, Ltd. v. Doherty, 378 F.Supp.2d 348, 361 (S.D.N.Y. 2005). "While the typical taking occurs when the government acts to physically intrude upon private property, governmental regulations which limit owners' rights to possess, use or dispose of property may also amount to a 'taking' of the affected property." Id. "Thus, New York does provide a means for obtaining compensation for regulatory takings that Plaintiff must first pursue under Williamson County. The failure to do so renders Plaintiff's takings claims unripe." Allocco Recycling, Ltd., 378 F.Supp.2d at 361.

    However, the plaintiffs in this action argue that New York State does not provide an adequate remedy for an unconstitutional taking of plaintiffs' transfer station permit.  They argue that the only state remedy for an unconstitutional taking is set forth in New York's Eminent Domain Procedure Law, and the only procedure to determine just compensation under that law is limited to claims arising from the acquisition of real property.  Consequently, plaintiffs argue that their claim for an unconstitutional taking is ripe for judicial review.  At the hearing, the court notes that plaintiffs again argued that the state offers no remedy for an unconstitutional regulatory taking.  The County responded that, as stated above, the plaintiffs' pendent state claims, for example, a state law claim of

conversion, could have been addressed pursuant to a CPLR Article 78 filing. Because the plaintiffs complaint does not include any pendent state law claims, the county has failed to convince the court that a remedy for regulatory taking was available to the plaintiffs. Accordingly, the court finds this case is ripe for adjudication.

  C. Injunctive Relief

Having concluded that the action is properly before this court, the court now addresses injunctive relief. The County argues that the plaintiffs are not entitled to injunctive relief, because in the event plaintiffs prevail on their claims, money damages are a customary remedy at law for takings, regulatory or otherwise.

The key issue in the instant action appears to be based on a misunderstanding. In the plaintiffs' complaint at ¶ 30, plaintiffs argue that "[u]nder the Flow Control law, once any waste is delivered to the JWJ Transfer Station, all non-recyclable residue will be required to be disposed of at the Oswego County Solid Waste Management Facility, even if the waste originated outside of Oswego County." Doc. No. 1. Consequently, plaintiffs argued, enforcement of the Flow Control Law against them would effectively deprive them of all economically beneficial use of the DEC permit to operate the Transfer

Station.

However, at the July 10 hearing, counsel for the County unequivocally stated before the court that the County lays no claim to waste that is generated out of the county, stating that the residual waste from outside the County, i.e., the waste after recyclable materials have been removed, goes outside the County again for disposal.  Upon questioning by the court, the County stated that if the waste is generated outside the county, the Control Flow Law does not apply to it.

The court finds that clarification of this issue, the disposal of waste generated in the County versus waste generated outside of the County, prevents the need to extend the injunctive relief previously extended to the plaintiffs. Plaintiffs are still free to dispose of the waste generated out of county at a waste disposal facility other than the Oswego County Solid Waste Management Facility, information that was not known to the court at the time the TRO issued.  The court instructs the plaintiffs to file an amended complaint based on this clarification by the County.

The other issue raised by plaintiffs, that the local Control Flow Law is unconstitutionally vague, has no bearing on the issue of injunctive relief that is before the court.  The court need not address the vagueness issue at this juncture.

**CONCLUSION**

For the reasons set forth <u>supra</u>, the court hereby lifts the temporary restraining order entered on June 30, 2009, and DENIES plaintiffs' motion for preliminary injunction. The plaintiffs are instructed to amend their complaint to conform with the facts of this case as developed at the hearing on July 10, 2009.

SO ORDERED.

July 17, 2009

_____
Neal P. McCurn
Senior U.S. District Judge