UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
=========================================================
JWJ INDUSTRIES, INC. and
JEFFREY HOLBROOK,
              Plaintiffs,

v.                                          5:09-CV-0740 (NPM / DEP)

OSWEGO COUNTY,
              Defendants.
_____

APPEARANCES                              OF COUNSEL

BANSBACH ZOGHLIN P.C.             MINDY L. ZOGHLIN, ESQ.
Attorney for Plaintiffs
31 Erie Canal Drive, Suite A
Rochester, N.Y. 14626

GERMANO & CAHILL, P.C.             MICHAEL J. CAHILL, ESQ.
Attorney for Defendant
4250 Veterans Memorial Highway, Suite 275
Holbrook, N.Y. 11741

NEAL P. McCURN, Senior U.S. District Court Judge

<u>MEMORANDUM-DECISION AND ORDER</u>

      The matter before the court is a civil rights action, filed pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §1983, in which plaintiffs JWJ Industries, Inc. ("JWJ") and Jeffrey Holbrook ("Holbrook"), an officer and shareholder and of JWJ Industries, Inc. (collectively, "plaintiffs") complain of an unconstitutional taking of their property by the defendant Oswego County ("defendant") without just compensation. On July 17, 2009, this court entered a Memorandum Decision and Order ("MDO") in the current action, lifting the temporary restraining order

(TRO") issued on June 30, 2009 and denying plaintiffs' motion for a preliminary injunction. The court also instructed plaintiffs to amend their complaint to reflect information stated on the record at oral argument before this court on July 10, 2009. Plaintiffs filed an amended complaint on July 19, 2009 (Doc. No. 22). Currently before the court is plaintiffs' motion for reconsideration (Doc. No. 24)[1].

The court has reviewed its MDO, the plaintiffs' amended complaint and motion for reconsideration, and the defendant's response. Although the parties attempt to argue the full merits of the case in their papers, the court restricts its purview to reconsideration of the matters contained in its MDO.

I.  Motion for Reconsideration Standard

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 132 (2d Cir.1999). "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously

---

[1] Plaintiffs filed three separate motions entitled Emergency Motion for Temporary Restraining Order, Second Motion for Preliminary Injunction (Doc. Nos. 24, 25, 27) and one motion entitled Emergency Motion for Preliminary Injunction, Second Motion for Temporary Restraining Order (Doc. No. 26). The court construes, and the defendant responded to (Doc. No. 29), plaintiffs' four motions as a motion for reconsideration (Doc. No. 24) of the court's MDO dated July 17, 2009 (Doc. No. 21), with documents 25, 26, and 27 consisting of the affidavit of Jeffrey Holbrook, Declaration of M. Zoghlin, and the memorandum of law, respectively.

available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y.2007) ( citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir.1983). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995).

   Plaintiffs argue they have met the burden required for this court to grant the motion for reconsideration by demonstrating the availability of new evidence not previously available and the need to prevent manifest injustice.  Defendant argues that the plaintiffs have not presented new evidence sufficient to meet the standard required for reconsideration, and the court concurs.  Although the court agrees with plaintiffs that the Flow Control provision of the Oswego County Recycling & Solid Waste Local Law is less than a model of clarity, that argument goes to plaintiffs' claim that the local law is unconstitutionally vague, and has no bearing on the matter presently before the court.  What is relevant, however, is the defendant's prior notice to the plaintiffs that "in section 4(2)(b), the Local Law makes clear that waste generated outside the boundaries of Oswego County shall not be accepted at County Solid Waste Facilities." Doc. No 11 at p. 4.  The defendant repeated this information at the court hearing on July 10, 2009.  The

court gave the parties ample opportunity to argue their positions, and that would have been the appropriate time and forum for plaintiffs to raise their concerns regarding the percentage of plaintiffs' business which came from out of county sources, and the economic feasibility of operating the transfer station on that percentage. Plaintiffs instead chose to remain silent, bringing this information to the court's attention for the first time in the motion for reconsideration.

Plaintiffs also fail to meet the burden required for this court to grant the motion for reconsideration by demonstrating the need to correct a clear error of law or prevent manifest injustice. Plaintiffs' memorandum of law accompanying the motion for reconsideration is largely a regurgitation of the memorandum of law filed with the original complaint. Nothing in that document persuades the court that it has made an error of law by lifting the TRO, and allowing the case to be decided on the merits.

Accordingly, finding that the plaintiffs seek solely to relitigate an issue already decided, the court hereby DENIES plaintiffs' motion for reconsideration (Doc. No. 24) and adheres to its previous order dated July 17, 2009 (Doc. No. 21).

SO ORDERED.

July 22, 2009

_____
Neal P. McCurn
Senior U.S. District Judge