UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JWJ INDUSTRIES, INC. and
JEFFREY HOLBROOK,

         **Plaintiffs,**

    v.                         **5:09-cv-740**

OSWEGO COUNTY,

         **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

### DECISION & ORDER

Plaintiffs JWJ Industries, Inc. and Jeffrey Holbrook (collectively referred to as "Plaintiffs") commenced the instant action claiming four causes of action against Defendant Oswego County (the "County") concerning the adoption of a 2011 Local Law. Plaintiff claimed that the Local Law: (1) constituted an unconstitutional taking; (2) deprived them of due process of law; (3) violated their right to the equal protection of the laws; and (4) is unconstitutionally vague.  Dkt. #96.  This Court granted judgment in favor of Plaintiffs under the fourth cause of action with respect to § 2(25) of the 2011 Local Law and denied it on all other grounds.  Dkt. #137.  Presently before the Court is Plaintiffs' motion for $44,915.15 in attorney's fees pursuant to 42 U.S.C. § 1988(b),

Fed. R. Civ. P. 54(d)(2), and Local Rule 54.4.[1]  For the foregoing reasons, the motion is granted in part.

**I. FACTS**

The relevant facts have been set forth in the prior decisions and orders issued in this case, familiarity with which are presumed.  For purposes of the pending motion, the Court will provide a brief synopsis of the factual and procedural history.

On December 15, 2011, the County enacted a revised flow control law (the "2011 Law"), which became effective on January 1, 2012.  Plaintiffs moved to enjoin enforcement of the 2011 Law on the ground that it was unconstitutionally vague.  Dkt. ## 63; 101.  The motion was granted by Order dated April 13, 2012.  Dkt. #119. Plaintiffs moved for summary judgment and Defendant responded with a motion to dismiss which was later converted to a motion for summary judgment.  Dkt. ## 124, 126, 130.  On November 16, 2012, the Court granted Plaintiffs' motion in part.  Dkt. #137.  The Court concluded that § 2(25) of Local law 2011 was unconstitutionally vague with respect to the case-by-case determinations made by the Director of Solid Waste Programs ("Director") concerning the definition of Recyclable Materials.  Dkt. #137. Plaintiffs' motion was denied in all other respects.  Dkt. #137.  Consequently, Defendant's motion was granted in all other respects except for the portion of the fourth

---

[1] Plaintiff calculated the amount of $44,915.15 in attorney's fees as follows: $42,551.90 from November 15, 2011 to November 29, 2012 plus $4,091.25 from November 30, 2012 to December 31, 2012 minus $1,728.00 attributable to Plaintiffs' unsuccessful takings and equal protection claims. *See* Dkt. ## 139, Attch. 2; 148, Attch. 3.  As Defendant failed to object to the fees outlined in Plaintiffs' response to their reply motion and the deadline for doing so has passed, the Court is allowing those fees to be considered in the present motion.  Also, the $3,300.00 in attorney's fees that the Hon. Neil McCurn, U.S.D.J. (this case was initially assigned to Judge McCurn), reserved decision upon until the finality of Plaintiffs' second amended complaint is not awarded. Dkt. #114.  Adopting the reasoning of Judge McCurn, Plaintiffs have yet to file the motion for damages and no such damages were awarded. To allow the award of those fees would be a windfall to Plaintiffs' counsel.

cause of action as it pertained to § 2(25).  Dkt. #137.  On November 26, 2012,

Judgment was entered.  Dkt. #138.  Presently before the Court is Plaintiffs' motion for

attorney's fees and Defendant's opposition thereto.  Dkt. ## 139; 146.

## II. DISCUSSION

Under 42 U.S.C. § 1988, the prevailing party may, at the discretion of the court,

be awarded "reasonable attorney's fee[s]."  *See LeBlanc-Sternberg v. Fletcher*, 143

F.3d 748, 758 (2d Cir. 1998) ("A Plaintiff who has prevailed in the litigation has

established only his eligibility for, not his entitlement to, an award of fees.").  There is a

two part test for determining whether a party is entitled to receive reasonable attorney's

fees.  First, the party seeking attorney's fees must be the "prevailing party."  *Farrar v.

Hobby*, 506 U.S. 103, 109 (1992).  "[P]laintiffs may be considered 'prevailing parties' for

attorney's fees purposes if they succeed on any significant issue in litigation which

achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir.

1978)).  A party can also prevail "when actual relief on the merits of his claim materially

alters the legal relationship between the parties by modifying the defendant's behavior

in a way that directly benefits the plaintiff."  *Rivera v. Horton*, 7 F. Supp. 2d 147, 149

(N.D.N.Y. May 21, 1998) (quoting *Farrar,* 506 U.S. at 111-12).  Thus, Plaintiffs are a

"prevailing party" because they succeeded on one of their four causes of action

resulting in the legal relationship between them and Defendant was altered as

Defendant was thereafter prevented from enforcing a portion of the 2011 Law.

Second, once a party proves he is the "prevailing party," he must then prove that his requested fee is "reasonable." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996); *see also Hensley*, 461 U.S. at 433. "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *Koziol v. Peters*, 6:12-CV-823, 2012 WL 5986574, *2 (N.D.N.Y. Nov. 29, 2012) (citing *Blum v. Stenson,* 465 U.S. 886, 897 (1984)).

When calculating a reasonable fee, the court relies on the "presumptively reasonable fee" test derived from the "lodestar" calculation. *Simmon v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). The "presumptively reasonable fee" test requires the court "to bear in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 117 (2d Cir. 2007)). The calculation required by the test "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain a presumptively reasonable fee award." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007) (citations omitted). "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114; *see also Pino*, 101 F.3d at 238.

**A. Reasonable Hourly Rate**

"The reasonable hourly rate is the rate a paying client would be willing to pay. . . . [I]t should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190.

In considering the reasonableness of the hourly rate requested the Court is presumed to use the hourly rates in the district in which the reviewing court sits. *See In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987). The Court finds the prevailing in-district hourly rate for experienced counsel to be $275 per hour, with the hourly rate for travel time to be one-half of this rate. *See Price v. New York State Bd. of Elections*, 2009 WL 4730698, at *3 (N.D.N.Y. Dec. 4, 2009); *Martinez v. Thompson*, 2008 WL 5157395, at *17 (N.D.N.Y. Dec. 8, 2008).

However, Plaintiffs' counsel submitted an affidavit of a Rochester attorney, Alan J. Knauf, Esq., to attest that a reasonable hourly rate for an attorney of her standing, facing the facts of this particular case would be between $250-$300. Dkt. #139, Attch. 4. While Plaintiffs' attorney claims she normally bills an hourly rate of $295 in her declaration, Plaintiffs and she agreed upon an hourly rate of $245. Dkt. #139, Attchs. 1, 2. Nevertheless, in the invoice Plaintiffs' attorney charges an hourly rate of $250. Dkt. #139, Attchs. 1, 3. The Court finds that to award Plaintiffs' counsel beyond an explicitly agreed upon hourly rate of $245 in the retainer agreement, one which she contemplated and was expecting, would be a windfall. For such reasons, the Court

awards an hourly rate of $245 for Plaintiffs' counsel, which is in line with the norms of similarly situated attorneys practicing in the Northern District of New York.

Plaintiffs' attorney had two associates working on the case—Bridget O'Toole and Shane E. Brooks.  Dkt. ## 139, Attch. 3; 148, Attch. 3.  Though Plaintiffs' attorney invoiced Plaintiffs at $165 per hour for each associate, Associate Brooks has yet to be admitted to the New York Bar.  Dkt. ## 139, Attch. 3; 148, Attch. 3.  In the retainer agreement, Plaintiffs and Plaintiffs' counsel agreed upon an hourly rate of $95 for legal assistants.  Dkt. #139, Attch. 1.  Because Associate Brooks passed the July 2010 New York Bar Exam, she should be awarded a rate above that of the legal assistant.  But, because Associate Brooks' admission is still pending, her rate should be below that of an associate, as she is not yet licensed to practice.  As such, the Court awards Associate Brooks an hourly rate of $130.[2]  Dkt. #148, Attch. 1.  The Court finds Associate O'Toole's hourly rate of $165 reasonable, as she is a licensed attorney.

**B. Reasonable Hours Expended**

In determining the reasonable hours to be awarded, the court is generally guided by a number of factors, *Arbor Hill Concerned Neighborhood Ass'n*, 522 F.3d at 186 n.3, the consideration of which may lead the court, in its discretion, "to adjust the fee upward or downward."  *Hensley*, 461 U.S. at 434.  "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due

---

[2] The hourly rate of $130 is half-way between the legal assistant hourly rate of $95 and the associate hourly rate of $165.

to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3.

As to the hours expended in drafting the present motion before the Court, "[a] party awarded attorney's fees is also entitled to compensation 'for time reasonably spend in preparing and defending' the fee application." *Ceglia v.* Zuckerberg, 2012 WL 503810 at *18 (W.D.N.Y. 2012) (citing *Weyant v.* Okst, 198 F.3d 311, 316 (2d Cir. 1999)). Thus, Defendant's objection to Plaintiffs' request for award of attorney's fees acquired by drafting and submitting the present motion is without merit. Dkt. #124.

As expressed by Judge McCurn in Plaintiffs' first successful attorney's fee application, the lack of specificity in the hours billed obscure the reasonableness determination. *See* Dkt. #114. Plaintiffs' counsel enters certain hourly amounts accompanied by a laundry list explanation of what tasks made up that time. *See, e.g.*, Dkt. #139, Attch. 2, Dec. 28, 2011 entry, Feb. 22, 2012 entry, Mar. 22, 2012 entry, Mar. 26, 2012 entry, Apr. 16, 2012 entry, May 21, 2012 entry, June 5, 2012 entry, June 7, 2012 entry, June 19, 2012 entry; Dkt. #148, Attch. 3, Dec. 3, 2012 entry, Dec. 21, 2012 entry, Dec. 28, 2012 entry, Dec. 31, 2012 entry. Also, this Court reiterates Judge McCurn's concern for Plaintiffs' counsel charging at a minimum one-quarter hour,

regardless of the possibility that the task may have taken less than fifteen minutes.  *See* Dkt. #114.  Attorneys traditionally bill in six minute intervals.

For an attorney with as much experience as Plaintiffs' counsel, certain tasks seem to have taken more time than would be necessary.  For example, under the February 17, 2012 entry, it took Plaintiffs' counsel three hours to revise a memorandum of law in support of the temporary restraining order and preliminary injunction—something that she had already revised three days earlier for two hours and a day before that for four hours.  Dkt. #139, Attch. 2.  Further, under the May 29, 2012 entry, it took Plaintiffs' counsel two-hours to research and consider a single case mentioned by Judge McCurn.  Dkt. #139, Attch. 2.  These considerations warrant reduction in the fee award.

### C. Degree of Success Obtained

The determination of the fee to be awarded by multiplying a reasonable hourly rate times a reasonable amount of hours is not the end of the reasonableness inquiry. *Hensley*, 461 U.S. at 434.  The court may assess the "degree of success obtained" which is "the most important factor" in determining the reasonableness of the requested attorney's fee award.  *Farrar*, 506 U.S. at 114; *see also Hensley*, 461 U.S. at 436-37 ("The district court . . . may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").  "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which

he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434.  There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  *Hensley*, 461 U.S. at 436-37.

Here, Plaintiffs sought for this Court to set aside the 2011 Law and enjoin all Defendant's officers, management personnel, employees, agents, attorneys successors, and assigns from violating Plaintiffs' federal and state constitutional rights, in addition to seeking monetary damages at trial.  Dkt. #96, p. 10, ¶ 66.  The judgment given by this Court enjoined Defendant from enforcing § 2(25) as unconstitutional.  Dkt. ## 137; 138.  No monetary damages were awarded to Plaintiffs.  Plaintiffs did not obtain their primary sought-after relief of being able to process construction debris at their facility.  Thus, Plaintiffs succeeded on a small part of one of their four causes of action, obtaining no monetary damages and only an injunction preventing Defendant from enforcing a relatively minor part of the 2011 Law.  Plaintiffs remain unable to process construction debris at their facility, which was the primary aim of this litigation.

When viewed in light of the nominal success obtained as § 2(25) only and taking into account the considerations previously discussed, the Court adjusts the claim for

attorney's fees award downward by 75%.[3]  This results in an attorney's fee award of

$10,951.48.[4]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorney's fees [Dkt. #139] is

**GRANTED AS MODIFIED**.  Plaintiffs are entitled to $10,951.48 in attorney's fees.

IT IS SO ORDERED.

Dated: March 4, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] The Court awards 1/4 of the total attorney fee award requested because Plaintiffs prevailed on 1/4 of their second amended complaint. Dkt. #96.

[4] This is arrived at by taking the total fee requested from Plaintiffs' original motion and Response to Reply Motion totaling $44,915.15, adjusting it to the new hourly rate for Associate Brooks, leaving a new total of $43,805.90, then multiplying that amount by 25%. The $15.00 rebilling fee was excluded as unrelated to Plaintiffs' successful fourth cause of action, where they were the prevailing party